# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**FEDERICO RAMSEY,**

       **Plaintiff,**

    v.            **CASE NO. 18-3154-SAC**

**UNITED STATES OF AMERICA, et al.,**

       **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a *Bivens*-type[1] civil rights action. Plaintiff, a federal prisoner, proceeds pro se and in forma pauperis.

### Nature of the Complaint

Plaintiff brings this action against the United States, the United States Attorney, an assistant United States Attorney, the federal public defender, an assistant federal public defender, and a United States District Judge. He alleges wrongful detention[2] and seeks damages, immediate release, and the dismissal of the criminal charge against him.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).
[2] Plaintiff commenced this action while held at the Leavenworth, Kansas, detention facility operated by Corrections Corporation of America. The Court takes notice that he was convicted in the District of Kansas on drug charges and sentenced to a term of 292 months. *United States v. Ramsey*, 510 Fed. Appx. 731, 2013 WL 491537 (10th Cir. Feb. 11, 2013).

which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal

claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### The motion to appoint counsel

Plaintiff moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

The Court has considered the record and declines to appoint counsel as it appears that the plaintiff's claims are subject to dismissal without prejudice.

**Discussion**

Plaintiff's claims challenge the validity of his conviction. Although he commenced this matter as a civil rights action, in order to obtain relief from his conviction, he must proceed in habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

As a federal prisoner, plaintiff may pursue post-conviction relief by filing a motion under 28 U.S.C. § 2255 in the district of his conviction. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). He also may challenge the execution of his sentence by filing a petition under 28 U.S.C. § 2241 in the district of his confinement. *Id*.

To the extent plaintiff seeks monetary damages in this action, his claims are premature under *Heck v. Humphrey*, 512 U.S. 477 (1994)[3]. In *Heck*, the United State Supreme Court held that a plaintiff may not bring a claim for damages based on actions that would render the plaintiff's existing criminal conviction invalid. *Id*. at 480-87. Therefore, the reviewing court must "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. If so, the complaint must be dismissed until the plaintiff can show that the conviction has been overturned or called into question. *Id*.

In this case, plaintiff's claims against the defendants concern the criminal proceedings against him and, therefore, a decision in

---

[3] In addition, plaintiff's claims may be barred on other grounds, including judicial and prosecutorial immunities. Because the claims are premature, the Court does not address those grounds in the present order.

his favor would necessarily implicate the validity of his conviction. The Court will direct plaintiff to show cause why this matter should not be dismissed without prejudice for the reasons set forth.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before August 5, 2019, plaintiff shall show cause why this matter should not be dismissed without prejudice for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Doc. 13) is denied.

**IT IS SO ORDERED.**

DATED: This 3rd day of July, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge